UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PIERRE TSHISHIMBI BASHALE,<br><br>Plaintiff,<br><br>v.<br><br>TERRI THIBODEAU,<br><br>Defendant. | Case No. 1:17-cv-00374-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

On September 13, 2017, the Clerk of the Court conditionally filed Plaintiff Pierre Tshishimbi Bashale's Complaint (Dkt. 2) subject to later review by the Court to determine whether he is entitled to proceed *in forma pauperis* under 28 U.S.C. § 1915.

The Case was assigned to Magistrate Judge Dale. Judge Dale conducted an initial review of the Complaint under 28 U.S.C. § 1915(e)(2). (Dkt. 5.) Judge Dale found that the Complaint failed to state a claim for which relief can be granted and failed to adequately establish the Court's subject matter jurisdiction over the matter. However, Judge Dale granted Plaintiff leave to file an amended complaint on or before November 23, 2017 to address the deficiencies. Plaintiff was also directed to file a motion to review the amended complaint. Judge Dale explained that without amendment, Plaintiff's Complaint was likely subject to summary dismissal under 28 U.S.C. § 1915(e)(2). Plaintiff failed to amend his Complaint and cure the deficiencies. The deadline for the amendment has passed.

Judge Dale further noted that Plaintiff's failure to amend the Complaint warrants dismissal of this action. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court). But because all parties have not consented to a Magistrate Judge, Judge Dale directed the Clerk of Court to reassign the matter to a district judge for *de novo* review of the Initial Review Order (Dkt. 5), and for consideration of an entry of judgment dismissing Plaintiff's Complaint for failure to comply with the Initial Review Order. The Clerk reassigned the case to the undersigned District Judge.

**STANDARD OF REVIEW**

The standard of review is correctly set forth in Judge Dale's initial review order, but the Court will repeat it here. Once a complaint has been conditionally filed pursuant

to 28 U.S.C. § 1915, the Court may conduct an initial review of the complaint. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof if it is (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). When a plaintiff is proceeding pro se, the complaint must be liberally construed, and the plaintiff must be given the benefit of any doubt. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2012).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint

pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*. at 557.

The Supreme Court identified two "working principles" that underlie *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the court need not accept as true, legal conclusions that are couched as factual allegations. *Id*. Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Providing too much in the complaint may also be fatal to a plaintiff. Dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery. *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir. 1997) (stating that "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts").

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (issued 2 months after *Iqbal*). The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could

not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.,* 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007)(citations omitted).

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 866, n.1 (9th Cir. 2004)**.** The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

## ANALYSIS

Upon *de novo* review of the Complaint, the undersigned District Judge agrees with Judge Dale's assessment that the case should be dismissed. Plaintiff fails to allege sufficient facts or a sufficient legal basis to proceed with his Complaint. Plaintiff has not filed charges with the Equal Employment Opportunity Commission ("EEOC") or the Idaho Human Rights Commission ("IHRC"). To proceed with a claim of employment-related discrimination under Title VII of the Civil Rights Act, a plaintiff must first file an administrative complaint through either the EEOC or the IHRC, exhaust administrative

remedies, and obtain a Notice of Right-to-Sue. This requirement also includes employment-related claims made pursuant to the ADA. Only after a Notice of Right-to-Sue has been obtained, may a suit be filed. This is sufficient grounds to dismiss the Complaint.

Moreover, as explained by Judge Dale in her order, the facts supplied by the Plaintiff in his Complaint are too limited. The Plaintiff only alleges that his employment was terminated due to a mental disability and his national origin as a person from Africa. This does not sufficiently set forth the "who, what, why, where, and when" necessary to establish a claim for relief under Title VII of the Civil Rights Act or the ADA. To establish a prima facie case of employment discrimination under Title VII, a plaintiff must show (1) he is a member of a protected class; (2) he was qualified for the position and was performing his work satisfactorily; (3) he experienced an adverse employment action; and (4) that similarly situated individuals outside the protected class were treated more favorably, or other circumstances surrounding the adverse employment action would give rise to an inference of discrimination. *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1155-56 (9th Cir. 2010). Once the employee establishes these four elements, the burden shifts to the employer to show a legitimate, non-discriminatory reason for the action. *Id*. at 1155.

To "establish a prima facie case of employment discrimination under the ADA, a plaintiff must prove three elements: (1) the plaintiff is disabled within the meaning of the ADA; (2) the plaintiff is a qualified individual able to perform the essential functions of

the job, either with or without reasonable accommodations; and (3) his employer terminated him because of his disability." *Harshbarger v. Sierra Pac. Co.*, 26 F. App'x 707, 709 (9th Cir. 2002); Americans with Disabilities Act (ADA) of 1990 §§ 102, 201; 42 U.S.C. §§ 12112, 12132. A *de novo* review of Plaintiff's Complaint shows that he has failed entirely to meet his burden on either front.

Finally, Plaintiff does not set forth a sufficient basis to support the exercise of jurisdiction by this Court. Plaintiff claims diversity jurisdiction. Diversity jurisdiction requires the citizenship of the parties be completely diverse and the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). Generally, the diversity requirement is met if there is complete diversity in state citizenship between the plaintiffs and the defendants in a case. However, Section 1332(a)(2) provides an alienage provision – allowing federal courts to exercise diversity jurisdiction where the civil action is between citizens of a state and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a)(2). But the alienage provision does not apply when such citizens or subjects are lawfully admitted for permanent residence in the United States and are also domiciled in the same state as the other party. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Plaintiff's Complaint fails to set forth sufficient facts for the Court to determine if the alienage provision applies to support diversity jurisdiction.

Under these circumstances, the Court will dismiss Plaintiff's Complaint. The Complaint will be dismissed without leave to amend because Plaintiff has already been given the opportunity to amend the Complaint, but chose not to do so.

# ORDER

**IT IS ORDERED:**

1. Plaintiff's In Forma Pauperis Application ((Dkt. 1)) is **DENIED**, and this case shall be dismissed in its entirety.

2. The Court will enter a separate judgement in accordance with Fed. R. Civ. P. 58.

DATED: January 29, 2018

B. Lynn Winmill
Chief U.S. District Court Judge